STATE OF NORTH CAROLINA v. TIMOTHY NORTON, KEITH WARD AND FRED PARRIS

No. 7525SC339

(Filed 15 October 1975)

Criminal Law § 158— record on appeal — insufficiency — dismissal of appeal

 Appeal is dismissed for failure of appellants to bring forward a record that will enable the appellate court to decide the question raised on appeal where appellants who were convicted of felonious escape contended that their cases should have been submitted to the jury on the question of whether they were serving misdemeanor sentences at the time of their escape, but the record on appeal does not contain the judgments and commitments introduced in evidence and relied on to prove that defendants were serving sentences for felonies or any testimony showing that the sentences were for felonies.

APPEAL by defendants from *Ferrell, Judge.* Judgment entered 6 February 1975 in Superior Court, BURKE County. Heard in the Court of Appeals 26 August 1975.

Each defendant was convicted of feloniously attempting to escape from the State prison system and judgments imposing prison sentences were entered.

*Attorney General Edmisten, by Assistant Attorney General W. Woodward Webb and Associate Attorney Isaac T. Avery III, for the State.*

*Byrd, Byrd, Ervin & Blanton, P.A., by Joe K. Byrd, Jr., for defendant appellants Timothy Norton and Keith Ward; J. Bruce McKinney, for defendant appellant Fred Parris.*

State v. Fuller

VAUGHN, Judge.

Each defendant, among other things, argues that his case should have also been submitted to the jury on the question of whether he was serving a sentence imposed for a misdemeanor. The bills of indictment allege that each defendant attempted to escape while serving a sentence imposed for a felony. The District Attorney elected to consent and stipulate to the docketing of a record on appeal in this Court that does not contain the judgments and commitments which he introduced as evidence and relied on to prove one of the essential elements of the crimes with which defendants were charged, that defendants were serving sentences imposed for felonies. There is reference in the testimony to judgments and commitments introduced into evidence against each defendant but no testimony indicating what they were for. On oral argument of these cases appellants' attorneys were unable to stipulate as to the contents of the judgments and commitments introduced into evidence.

It is the duty of the appellants to bring forward a record that will enable this Court to decide the questions raised on appeal. For failure to do so, the appeals are dismissed. Nevertheless, we have examined so much of the trial record as is before us and, in it, find no prejudicial error.

Appeal dismissed.

Judges MORRIS and CLARK concur.